IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE RAY L., | § | |
|  PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2259-M-BK |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|  DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, seeks judicial review of the Commissioner's final decision determining that he was at fault for incurring an overpayment of disability insurance and supplemental security income benefits under Title II of the Social Security Act (the "Act"). Pursuant to 28 U.S.C. § 636 and *Special Order 3*, this cause is before the Court for a recommendation on the parties' cross-motions for summary judgment. Doc. 18; Doc. 19. For the reasons that follow, Plaintiff's *Motion for Summary Judgment* should be **DENIED**, Defendant's *Motion for Summary Judgment* should be **GRANTED**, and the Commissioner's decision should be **AFFIRMED**.

**I. BACKGROUND**[1]

In February 2011, Plaintiff applied for disability insurance and supplemental security income benefits. Doc. 16-1 at 215-23. An administrative law judge ("ALJ") issued a decision in

---

[1] The undersigned notes that Defendant did not correctly cite to the administrative record as required by the Court's *Scheduling Order*. *See* Doc. 17 at 2. In the interest of judicial economy, the Court will consider the case on the merits, but expects compliance with the Court's instructions henceforth.

June 2012, finding Plaintiff disabled as of January 1, 2010. Doc. 16-1 at 204-14. In September 2015, the Social Security Administration ("SSA") notified Plaintiff that his period of disability had ended, and he had been overpaid benefits during various periods of work in 2013, 2014, and 2015. Doc. 16-1 at 152-54. Ultimately, Plaintiff appeared at a hearing before an ALJ for a determination of whether he was at fault in causing the overpayment or if he qualified for a waiver. Doc. 16-1 at 60-73.

On May 1, 2018, the ALJ ruled that Plaintiff was at fault in causing the overpayment and was thus liable for repaying it. Doc. 16-1 at 74-80. The decision also notified Plaintiff that (1) if he disagreed, he could appeal to the Appeals Council within 60 days of the date he received the decision; and (2) it would be presumed that Plaintiff received notice of the ALJ's decision five days after it was dated unless he showed that he did not receive it. Doc. 16-1 at 74; *see also* 20 C.F.R. §§ 404.901, 416.1401 (stating that "Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."). Plaintiff filed his hearing review request on December 22, 2018 — more than seven months later — claiming that the SSA did not send him a copy of the ALJ's decision until October 9, 2018. Doc. 16-1 at 8, 11-12.

The Appeals Council notified Plaintiff that his request for review was untimely and advised him to file an explanation and any supporting evidence. Doc. 16-1 at 8. The notice further stated that if Plaintiff did not demonstrate he had good cause for filing late, the Appeals Council would dismiss his request for review. Doc. 16-1 at 9. While the Appeals Council noted that Plaintiff claimed he had not received the ALJ's decision until October 9, 2018, it observed that there was no record of mailings being returned to the post office, and the ALJ's decision was mailed to the address on file. Doc. 16-1 at 6. In due course, the Appeals Council found that

Plaintiff had not established good cause for his untimely filing and dismissed his request for review.  Doc. 16-1 at 6.

## II.   APPLICABLE LAW

If a claimant is dissatisfied with an ALJ's decision on the merits, he may request review by the Appeals Council.  20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4).  To do so, the claimant must file a written request within 60 days after receiving notice of the ALJ's decision unless the Appeals Council extends that deadline for good cause.  20 C.F.R. §§ 404.968, 416.1468 (cross-referencing standards governing good cause set forth in 20 C.F.R. §§ 404.911, 416.1411).  If a claimant does not timely file his request for review and the time for filing is not extended for good cause, the Appeals Council will dismiss the matter.  20 C.F.R. §§ 404.971, 416.1471.

The Appeals Council's final decision is then reviewable by the court.  *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 416.1481; *see also Smith v. Berryhill*, 139 S.Ct. 1765, 1780 (2019) (holding that the Appeals Council's dismissal of a claimant's request for review of an ALJ's decision is a final decision subject to judicial review under section 405(g)).  Where the Appeals Council's determination that a claimant's request for review is untimely is supported by substantial evidence, the court reviews the SSA's decision not to excuse the untimely filing only for abuse of discretion.  *Smith*, 139 S.Ct. at 1779 n.19.

Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  A court abuses its discretion when its

ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

### III. ANALYSIS

The ALJ issued his decision in this case on May 1, 2018. Doc. 16-1 at 74-80. Accordingly, Plaintiff's deadline to file a request for review with the Appeals Council was 65 days later, on July 5, 2018. Plaintiff argues that he was not aware the ALJ had issued a decision until he called the SSA to ask and then had a copy mailed to him, which came with a letter dated October 9, 2018. Doc. 18 at 2. Plaintiff mistakenly asserts that he thereafter had until January 2, 2019 to file his request for review, considering that he had 70 [sic] days plus five days for mailing and an additional 14 days to account for the Christmas and New Year's holidays. Doc. 18 at 2.

Good cause to excuse an untimely request for review may be found if a claimant fails to receive the ALJ's decision. 20 C.F.R. §§ 404.911(b)(7), 416.1411(b)(7). Plaintiff, however, has not provided any support for this claim beyond his conclusory statement. Indeed, Plaintiff implicitly acknowledges that the SSA had his correct address on file as he states he received one other mailing from them before he allegedly learned of the ALJ's decision. Doc. 18 at 2. The administrative record also does not indicate that the mailing containing the ALJ's decision was returned to the SSA as undeliverable.

Moreover, as Defendant notes, even if the SSA were to consider the October 9, 2018 date Plaintiff alleges he received notice of the decision, the time to file a request for review by the Appeals Council would have expired on December 13, 2018. Doc. 19 at 4. Plaintiff did not file his request for review until December 22, 2018, nine days later. Doc. 16-1 at 10-59. In short, the Appeals Council's determination that Plaintiff's request for review was untimely is supported

by substantial evidence, and its decision not to excuse the untimely filing was not an abuse of discretion. *Smith*, 139 S.Ct. at 1779, n.19. Accordingly, this Court should affirm Defendant's decision.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 18, should be **DENIED**, Defendant's *Motion for Summary Judgment*, Doc. 19, should be **GRANTED**, and the Commissioner's decision should be **AFFIRMED**.

**SO RECOMMENDED** on November 20, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).