IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE RAY L., | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2259-M-BK |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and *Special Order 3*, Plaintiff's *pro se* motions to set aside judgment and reopen case, Doc. 23 & Doc. 24, are before the undersigned United States magistrate judge for findings and a recommended disposition. For the reasons that follow, the motions should be **DENIED**.

**I.   BACKGROUND**

In February 2011, Plaintiff applied to the Social Security Administration ("SSA") for disability insurance and supplemental security income benefits. Doc. 16-1 at 215-23. While an administrative law judge ("ALJ") found Plaintiff disabled in June 2012, the SSA subsequently notified Plaintiff that his disability had ended and he had been overpaid benefits in 2013, 2014, and 2015. Doc. 16-1 at 152-54; Doc. 16-1 at 204-14. On May 1, 2018, the ALJ ruled that Plaintiff was liable for repaying the excess benefits. Doc. 16-1 at 74-80. The decision notified Plaintiff that (1) if he disagreed, he could appeal to the Appeals Council within 60 days of the date he received the decision; and (2) it would be presumed that Plaintiff received notice of the ALJ's decision five days after it was dated unless he showed that he did not receive it. Doc. 16-1

at 74. Plaintiff did not file his administrative appeal until December 22, 2018 — more than seven months later — claiming that he did not receive notice of the ALJ's decision until October 9, 2018. Doc. 16-1 at 8, 11-12. The Appeals Council dismissed Plaintiff's appeal as untimely, finding that he had not established good cause to excuse the late filing. Doc. 16-1 at 6.

On appeal to this Court, the undersigned magistrate judge recommended affirming the Commissioner's decision. Doc. 20. When Plaintiff did not file any objections, the district judge entered an order and judgment in the Commissioner's favor on December 10, 2020. Doc. 21; Doc. 22. Eight days later, Plaintiff filed the instant *pro se Motion to Set Aside Judgment and Reopen Case*, Doc. 23, followed by a similar motion in June 2021 requesting a status update on his case, Doc. 24.

## II.   ANALYSIS

As Plaintiff filed his initial motion within 28 days of the entry of the judgment dismissing his case, the Court construes it as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (holding that post-judgment motions filed within the then-applicable 10-day filing period for Rule 59(e) motions must be construed as filed pursuant to Rule 59(e)). A Rule 59(e) motion "calls into question the correctness of a judgment" and is not the proper vehicle to either rehash evidence or legal theories that were previously raised or raise arguments that could have been offered earlier. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quotations omitted). A motion to alter or amend a judgment pursuant to Rule 59(e) must clearly establish either a manifest error of law or fact or present newly discovered evidence. *Id.* at 479.

2

Here, to the extent Plaintiff seeks to set aside the Court's judgment, he merely rehashes prior claims or raises points he could have brought to the court's attention earlier. *See, e.g.*, Doc. 23 at 3 (arguing that the ALJ did not properly consider the facts and law relating to the overpayment issue); Doc. 23 at 2, 5-6 (asserting that the Appeals Council erred in dismissing his appeal as untimely). Plaintiff has not, on this basis, pointed to a manifest error of law or fact or newly discovered evidence sufficient to warrant granting his motion. *See Templet*, 367 F.3d at 479. Plaintiff's motion also states nine "objections" to the *Findings, Conclusions, and Recommendation of the United States Magistrate Judge* that recommended dismissal of this case. Doc. 20; Doc. 23 at 2-11. Any such objections are untimely. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2) (providing 14 days for the filing of objections to a magistrate judge's recommendation on a dispositive motion).

### III.   CONCLUSION

For the foregoing reasons, the Court should decline to vacate its judgment dismissing this case, and Plaintiff's *pro se* motions to set aside judgment and reopen case, Doc. 23 & Doc. 24, should be **DENIED**.

**SO RECOMMENDED** on September 29, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).